UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | **5:26-cv-00210-MCS-ADS** | Date | May 27, 2026 |
| Title | ***Hasratyan v. Bondi*** | | |

| | |
|---|---|
| Present: The Honorable | Mark C. Scarsi, United States District Judge |

| | |
|---|---|
| Stephen Montes Kerr | Not Reported |
| Deputy Clerk | Court Reporter |
| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
| None Present | None Present |

**Proceedings: (IN CHAMBERS) ORDER RE: APPLICATION FOR ENTRY OF FEE AWARD (ECF NO. 24)**

In this action for a writ of habeas corpus under 28 U.S.C. § 2241, the Court entered judgment in favor of Petitioner Nora Hasratyan. (J., ECF No. 23.) Petitioner now applies for an award of fees under the Equal Access to Justice Act ("EAJA"). (Appl., ECF No. 24.) Although Petitioner represents that the application is unopposed, Respondents have not stipulated to the proposed relief. (Damast Decl. ¶ 2, ECF No. 24-1.)

The Court denies the application without prejudice for two independent reasons. First, the application fails to comply with the local rules governing motion practice. *See* C.D. Cal. R. 7-4; *see Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002) ("The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing."). Petitioner has not set the application for hearing, C.D. Cal. R. 6-1; does not provide a complete memorandum in support of the application, *id.* R. 7-5(a); and does not establish compliance with the prefiling conference requirement, *id.* R. 7-3.

Second, and more importantly, the application fails to establish an award of fees is appropriate. An application for EAJA fees must

> show[] that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified.

28 U.S.C. § 2412(d)(1)(B). In other words, "[f]or the court to award attorney's fees and costs pursuant to the EAJA, it must be shown that (1) the plaintiff is the prevailing party; (2) the government has not met its burden of showing that its positions were substantially justified or that special circumstances make an award unjust; and (3) the requested attorney's fees and costs are reasonable." *Perez-Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002), *as amended* (Feb. 21, 2002).

The instant application fails to establish any of these elements. Although the Court entered judgment in Petitioner's favor, the application lacks information to show she is eligible to receive an EAJA fee award. *See* 28 U.S.C. § 2412(d)(2)(B) (providing limitations on eligibility). Moreover, an EAJA applicant generally must affirmatively allege that the government's position was not substantially justified. *See Scarborough v. Principi*, 541 U.S. 401, 414–15 (2004). Finally, the application does not append "an itemized statement" to support Petitioner's computation of fees. 28 U.S.C. § 2412(d)(1)(B). Without such information, the Court cannot determine whether the fees requested here are reasonable, especially given that Petitioner's counsel suggests the figure requested in the application was crafted for the purpose of settling Petitioner's fee claim. (Damast Decl. ¶ 1.)

Observing no prejudice to Respondents, the Court denies the application without prejudice to the filing of an amended application within 14 days of this Order. *Compare* 28 U.S.C. § 2412(d)(1)(B) (requiring EAJA fee applications to be filed "within thirty days of final judgment"), *with United States v. Hristov*, 396 F.3d 1044, 1047 (9th Cir. 2005) ("[T]he relation back doctrine permits amendment of a deficient EAJA motion as long as doing so would not prejudice the government."). Such amended application must be set for hearing and address the other deficiencies identified in this Order. Alternatively, the parties may stipulate for an EAJA fee award. *See* C.D. Cal. R. 7-1.

**IT IS SO ORDERED.**